UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     Case No. 1:12-cr-210

v.                                           HON. JANET T. NEFF

FRANCISCO MARTINEZ, JR.,

       Defendant.
_____/

**OPINION**

Defendant has moved pursuant to 18 U.S.C. § 3145(b) to revoke the order of detention entered by the Magistrate Judge on July 26, 2012 (Dkt 10). The Government has filed a response opposing revocation (Dkt 35). The Court has fully reviewed and considered the parties' submissions and the record, including the transcript of the July 23, 2012 preliminary/detention hearing and the July 25, 2012 continued detention hearing.[1] In accordance with the ruling of the Magistrate Judge on the record, this Court finds that Defendant is properly detained. His motion is therefore denied.

Section 3145 generally provides for the review and appeal of a release or detention order. Subsection § 3145(b) provides:

> Review of a detention order.--If a person is ordered detained by a magistrate judge, … the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

---

[1] Defendant's Motion erroneously moves "to revoke the prior Order of Detention issued by Magistrate Judge Hugh W. Brenneman, Jr. on August 20, 2012 in this matter" (Dkt 30 at 1). The Order of Detention at issue was entered by Magistrate Judge Ellen S. Carmody on July 26, 2012 (Dkt 10; also case no. 1:12-mj-266, Dkt 10).

The Court must make an independent review of the magistrate judge's determination; thus, the appropriate standard of review is *de novo*. *See United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996); *United States v. King,* 849 F.2d 485, 490 (11th Cir. 1988). The Court may receive additional evidence or rely on the record of the earlier hearing. *See, e.g., United States v. Brainard,* No. 07-10096-01, 2007 WL 1560316, at *1 (D. Kan. May 29, 2007); *United States v. Levine,* 770 F. Supp. 460, 464 n.7 (N.D. Ind. 1991).

The record and the parties' submissions provide the Court with a complete factual basis and argument concerning the considerations relevant to detention or release. Having reviewed the parties' submissions and the record, the Court determines that an evidentiary hearing is unnecessary.

The release or detention of a defendant pending trial is governed by 18 U.S.C. § 3142. *See Williams,* 948 F. Supp. at 693. The statute requires that the court "shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court" unless the court "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the court determines that release on personal recognizance is inappropriate, the court shall nonetheless release the defendant subject to the least restrictive conditions or combination of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community … ." 18 U.S.C. § 3142(c)(1)(B).

The general factors under 18 U.S.C. § 3142(g) that the Court should consider in determining whether to detain a defendant are: (1) the nature and circumstances of the charged offenses, (2) the weight of evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's

release.  Factor (3) involves consideration of available information concerning (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release.

The Court must consider "whether any condition or combination of conditions … will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  Further, detention based on danger to the community must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f)(2).  At a detention hearing, "[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.*

Defendant argues in his motion that the Court should release him on an unsecured bond to the third-party custody of his sister who resides in Holland, Michigan, and who is prepared to act as his custodian, will post her residence as surety for his appearance, will allow him to live with her, on a tether, with conditions that he be under home arrest, seek and maintain employment or full-time school and have his travel restricted pending resolution of this matter (Dkt 30 at 3).[2]

---

[2]Defendant's brief references release to his unnamed grandmother, but this appears to be an incorrect reference to another case (Dkt 30 at 7-9).  In any event, this distinction is immaterial and does not affect the Court's analysis or dispostion.

After development of a substantial factual record, the Magistrate Judge ordered Defendant detained based on clear and convincing evidence that Defendant was a danger to the community because he had a continued and longstanding affiliation with the Latin Kings gang, in which he had a leadership position, making him a danger to the community. In particular, the Magistrate Judge noted testimony that the Latin Kings, in some circumstances at least, endorse violence and drug dealing, which is inherently dangerous.

Upon *de novo* review of the record, the Court concludes that the Government produced clear and convincing evidence that: (1) Defendant is a long-time member and leader of the Latin Kings gang in Holland; (2) the gang endorses and engages in violence and drug dealing; (3) Defendant's long-standing and continued affiliation with the gang makes him a danger to the community such that detention is appropriate; and (4) Defendant's prior law enforcement contacts include violence as well as violations of bond/probation conditions. The Court is not convinced that any conditions of release would be sufficient to alleviate the risk of danger posed by Defendant.

Defendant's "Motion to Reconsider Revocation of Order of Detention" (Dkt 30) is denied. An Order will enter consistent with this Opinion.


DATED: October 10, 2012         /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge